UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62644-CIV-DAMIAN

MICHAEL T. SMITH, *as the administrator of
the* ESTATE OF JORGE DE LA TORRE
RAMIREZ,

      Plaintiff,

v.

TEREX USA, LLC, *et al.*,

      Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND [ECF NO. 9]

**THIS CAUSE** is before the Court on Plaintiff, Michael T. Smith's, as administrator

of the Estate of Jorge De La Torre Ramirez, deceased ("Plaintiff"), Motion to Remand [ECF

No. 9] ("Motion"), filed on January 5, 2026.

THE COURT has reviewed the Motion, the Response [ECF No. 12] and Reply

thereto [ECF No. 16], the pertinent portions of the record, and relevant authorities and is

otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

#### A.  *The Underlying Lawsuit.*

On December 20, 2024, Plaintiff filed a Complaint in the Seventeenth Judicial Circuit

Court of Broward County, Florida, against Terex USA, LLC ("Terex USA") and other

Defendants, asserting claims for wrongful death following a tragic tower crane collapse. *See*

*generally* ECF No. 1-2 ("State Court Complaint"). On June 9, 2025, Plaintiff filed a second

amended complaint that, *inter alia*, joined Terex Corporation ("Terex Corp." and with Terex

USA, the "Terex Defendants") as a defendant. *See generally* ECF No. 1-6 ("Second Amended

Complaint"). The action was not removable at that time due to the lack of complete diversity among the parties. The Terex Defendants now argue that the case became removable on December 16, 2025, after the state court judge approved the settlement between Plaintiff and the non-diverse defendants. *See* Notice of Removal at 1 [ECF No. 1]. The state court judge memorialized his approval of the settlement during a December 16, 2025 hearing, and he entered the order on December 21, 2025, approving the settlement of the wrongful death claims among those parties. *See id.* at 4. The record in the state court proceedings, however, does not reflect that the non-diverse defendants involved in the aforementioned settlement were formally dismissed from the lawsuit.

### B.  Defendant's Notice Of Removal.

On December 22, 2025, the Terex Defendants filed a Notice of Removal and removed the action to this Court. In the Notice, the Terex Defendants assert that this Court has subject matter jurisdiction based on diversity of citizenship and that the amount in controversy exceeds $75,000. *See id.* (citing 28 U.S.C. § 1332). The Terex Defendants allege there is complete diversity of citizenship among the parties because Plaintiff is a citizen of Georgia and the Terex Defendants are citizens of Delaware and Connecticut. *See id.* The Terex Defendants also assert that the amount in controversy exceeds $75,000 based upon Plaintiff's allegation in the State Court Complaint that the action is "for damages in excess of fifty million dollars[.]" *See id.* at 2.

### C.  Plaintiff's Motion To Remand.

On January 5, 2026, Plaintiff filed the Motion to Remand now before the Court. While Plaintiff agrees with the premise that the Terex Defendants are completely diverse from him and that the amount in controversy exceeds $75,000, Plaintiff argues that remand is

nevertheless warranted. *See generally* Mot. Specifically, Plaintiff argues that this case was removed more than one year after the commencement of the action, and even if the removal of the case was timely, remand is warranted because the non-diverse defendants had not been formally dismissed from the case when the Terex Defendants filed the Notice of Removal.

In response, the Terex Defendants argue that removal was timely under Federal Rule 6 and that formal dismissal of the non-diverse parties in the state court case is not necessary to extinguish them from the diversity analysis when a settlement has been reached with those parties and the claims have been abandoned. *See generally* Resp. In his Reply, Plaintiff argues that the terms of the non-diverse defendants' releases were still being hashed out after the state court judge entered the order approving the settlement. Thus, the case could not have become removable until after the one-year mark, as the litigation with the non-diverse defendants was still active. Plaintiff further argues that Eleventh Circuit and Southern District of Florida authority indicates that removal is permitted only upon formal dismissal of non-diverse defendants. *See generally* Reply. The Terex Defendants filed a Motion for Leave to File Sur-Reply to Plaintiff's Motion to Remand [ECF No. 19] ("Motion for Leave to File Sur-Reply") on January 29, 2026, arguing that they should be able to address the specific arguments Plaintiff made in his Reply regarding the timing of the execution of various settlement documents with the non-diverse defendants. *See generally* ECF No. 19. Plaintiff did not respond to that motion. The Motion to Remand is now ripe for adjudication.

## II.    APPLICABLE LEGAL STANDARD

A federal court should remand to state court any case that has been improperly removed. *See* 8 U.S.C. § 1447(c). The party attempting to invoke the federal court's

3

jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

Federal district courts may exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Such diversity jurisdiction requires *complete* diversity: Every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1). The party invoking federal jurisdiction must establish that the amount in controversy exceeds $75,000. *See* § 1332(a).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (holding that because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

### III.   DISCUSSION

As noted above, the Terex Defendants removed this case based on diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice. And, as also set forth above, diversity jurisdiction is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the litigants are "citizens of different States." 28 U.S.C. § 1332(a)(1).  Because jurisdictional facts are assessed at the time of removal, *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772-73 (11th Cir. 2010), the Terex Defendants have the burden to show that the parties were completely diverse when they removed the case on December 22, 2025.

Initially, based on the allegations in the Second Amended Complaint and noting that there is no dispute as to the amount in controversy, this Court is satisfied that the basic requirements for diversity jurisdiction (amount in controversy and diversity of citizenship) are satisfied. The issues before this Court, then, are (1) whether the notice of removal was filed within one year after commencement of the action and (2) whether complete diversity existed at the time of removal, when a judge approved a prospective settlement between Plaintiff and the non-diverse defendants, but a court order formally dismissing those defendants from the case had not yet been entered.

#### A.   The Notice Of Removal Was Filed Within One Year.

A case may not be removed based on diversity of citizenship "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). It is undisputed that the underlying lawsuit was commenced on December 20, 2024, and that the Notice was filed on December 22, 2025. *See* Not. at 2.

Strictly speaking, one year after December 20, 2024, was Saturday, December 20, 2025. But under Federal Rule of Civil Procedure 6, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Therefore, the one-year deadline was actually Monday, December 22, 2025, the date on which the Terex Defendants removed the case. In the Reply, Plaintiff does not address the timeliness of removal in light of Rule 6(a)(1)(C). This Court concludes that the case was removed within one year of commencement of the action because the initial deadline fell on a Saturday, and removal on the following Monday was timely under the Federal Rules.

### B. The Parties Were Not Fully Diverse At The Time Of Removal.

However, because the parties were not fully diverse at the time of removal, removal is warranted.

The parties battle over the relevance of *Maseda v. Honda Motor Company*, which contains the crucial language: "it is true that a nondiverse defendant must be formally dismissed from the case to permit a subsequent removal[.]" 861 F.2d 1248, 1252 (11th Cir. 1988). But, as the Terex Defendants point out, this quotation is appropriately considered *dicta* because the issue of whether removal may be proper after settlement with a nondiverse defendant was not before the Eleventh Circuit in *Maseda*.

Still, the *Maseda* language cannot be ignored outright. Nor can the fact that district courts have followed it, resulting in remand orders in similar circumstances. *See Taylor v. Georgia-Pacific, LLC*, No. 15-22280-CIV, 2015 WL 3902596 (S.D. Fla. June 24, 2015) (Cooke, J.) (remanding case that was removed following settlement with (but not dismissal of) nondiverse defendants); *Thigpen v. Clayman*, No. 17-cv-01415, 2018 WL 11652009 (M.D. Fla.

Feb. 27, 2018) (discussing how earlier in the consolidated case, the district court remanded the case finding that dismissal, as opposed to settlement with the non-diverse party, was required before diversity jurisdiction could vest). Other courts have followed *Maseda*'s *dicta* approvingly. *See McCarthy v. Sherwin-Williams Co.*, No. 05-cv-61-FTM-33SPC, 2005 WL 1244969, at *1 (M.D. Fla. May 13, 2005) ("In regards to the Plaintiff's argument that the removal was prematurely filed, it is true that a non-diverse defendant must be formally dismissed from the case to permit subsequent removal." (citing *Maseda*, 861 F.2d at 1253)); *Mitchell v. USAA Cas. Ins. Co.*, No. 21-cv-1224-LMM, 2021 WL 6752210, at *1 (N.D. Ga. May 10, 2021) (concluding that the case only became removable after the non-diverse party was formally substituted out, citing *Maseda*).

The Terex Defendants also point to the language of the removal and diversity statutes, Sections 1446 and 1332. Section 1446 does not contemplate that removability vests solely through entry of a dismissal order, and Section 1332 does not define diversity in terms of nominal parties but, rather, in terms of the "matter in controversy." *See* Resp. at 4. This Court agrees with respect to Section 1446, at least under this Circuit's authorities. It is true that 28 U.S.C. § 1446(b)(3) contemplates "an amended pleading, motion, order or other paper" serving as a basis to ascertain removability, but the Terex Defendants do not cite to in-Circuit authority supporting the proposition that a state court's approval of a settlement is such an order that confers removability. While an "other paper" may be used to, for example, demonstrate amount in controversy has been met through disclosures, this Court is not persuaded, especially in light of *Maseda*, that a court order approving a *prospective* settlement immediately "drops" all affected defendants from the lawsuit for diversity purposes.

The remaining authority relied on by the Terex Defendants on this point, which address collateral issues to removal and mostly arise from outside the Circuit,[1] are plainly distinguishable and less persuasive than those cited by Plaintiff. In any event, this Court is not persuaded that a state court's approval of a settlement indeed destroys all controversy between the settling parties such that removal is proper at that moment. The order approving settlement indicates that Plaintiff is merely being authorized to execute releases and settlement documents on behalf of his client(s), but it does not mention anything about the immediate release and/or dismissal of any defendants from the lawsuit. [ECF No. 1-32]. While the parties may have verbally agreed to certain settlement terms based on a closing statement that the state court judge reviewed, this Court does not agree with the Terex Defendants that either this verbal agreement or the state judge's approval marks the moment that the controversy with the non-diverse parties is eliminated. There is no need to draw an arbitrary line (especially considering that all doubts as to jurisdiction are to be construed in

---

[1] In *Erdey v. American Honda Company, Inc.*, a Louisiana district court deemed the execution of a settlement agreement *and release* sufficient to show abandonment of non-diverse defendants from the litigation for removal purposes. 96 F.R.D. 593, 598 (M.D. La. 1983). Here, the Notice does not state that any releases had been executed at the time of removal. In *Heniford v. American Motors Sales Corporation*, a South Carolina district court determined that the plaintiff had voluntarily abandoned claims against non-diverse defendants when they were verbally dismissed by the plaintiff before opening statements at trial, but no formal dismissal order had yet been entered. 471 F. Supp. 328, 336 (D.S.C. 1979). Plaintiff has not verbally dismissed or released any party here. In *Gabriel v. Life Options International, Inc.*, the district court addressed voluntary abandonment, but while it stated that a fully executed settlement agreement could constitute a definite and unequivocal act of abandonment, this Court considers court approval of settlement to be a gratuitous extension of *Gabriel*'s reasoning because again, here the record does not show that releases had been executed at the time of removal. No. 14-358-CG-B, 2015 WL 1967498, at *4 (S.D. Ala. Apr. 30, 2015). Finally, *Estate of Martineau v. ARCO Chemical Company* is distinguishable because the Fifth Circuit relied upon Texas law to determine if the parties' settlement agreement was binding and, therefore, could demonstrate the plaintiff's abandonment of claims against the non-diverse defendants. 203 F.3d 904 (5th Cir. 2000).

favor of remand) when the Eleventh Circuit has strongly hinted that it prefers district courts using a formal date of dismissal.[2]

## IV.   CONCLUSION

Based on the foregoing, this Court finds that the Terex Defendants have failed to show that the parties were completely diverse at the time of removal, and the Terex Defendants could not assume that the parties became diverse following court approval of a tentative settlement with the non-diverse defendants.

Having construed uncertainties in favor of remand, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand **[ECF No. 9]** is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

The Clerk is directed to **CLOSE** this case, and any pending motions are **DENIED AS MOOT**. It is further

**ORDERED AND ADJUDGED** that the Terex Defendants' Motion for Leave to File Sur-Reply **[ECF No. 19]** is **DENIED**.[3]

---

[2] The authorities referenced by the Terex Defendants speak toward the unfairness of letting a plaintiff control the removability of an action by failing to dismiss non-diverse defendants with whom the plaintiff has settled, but these arguments go to the bad faith carveout in Section 1446(c), that a case cannot be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1). The Terex Defendants make no argument that Plaintiff acted in bad faith by failing to dismiss the non-diverse defendants, so the undersigned does not address this issue.

[3] In the Motion for Leave to File Sur-Reply, the Terex Defendants request leave to address representations made by Plaintiff's counsel in a declaration attached to the Reply [ECF No. 16-1 ("Sico Declaration")] that go to new arguments purportedly made for the first time in the Reply. *See generally* ECF No. 19. This Court bases its decision in this Order solely on arguments made in the Motion to Remand and did not consider facts stated in the Sico

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of April, 2026.

MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

---

Declaration in ruling on the Motion. Therefore, there was no need to direct additional briefing on the Sico Declaration.